# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

BAHAA ISWED,

    Plaintiff,

                                      Civil Action No. 05-73287

vs.                                 HONORABLE MARIANNE O. BATTANI
                                      HONORABLE STEVEN D. PEPE

PATRICIA CARUSO, et al

    Defendants.
_____/

### ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL (#3)

Bahaa Iswed is a prisoner in the custody of the Michigan Department of Corrections ("MDOC"). On August 25, 2005, he filed this action under 42 U.S.C.§ 1983 against several defendants in their official and individual capacities. Plaintiff alleges violations of his First, Fourth, Fifth, Eight and Fourteenth Amendment rights stemming from MDOC's alleged prohibition against non-English incoming correspondence to prisoners and failure to provide plaintiff with proper administrative hearing(s) to resolve this issue. All pretrial matters were referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A),(B). Plaintiff filed his motion for appointment of counsel on August 25, 2005.

Under 28 U.S.C. § 1915(e)(1), a federal court may request counsel to represent an indigent plaintiff. 28 U.S.C. § 1915(e)(1); *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992). Yet, appointment of counsel for an indigent party is a privilege justified only under exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993). To determine whether exceptional circumstances necessitating the appointment of counsel are present, courts consider the

type of case involved, the ability of the plaintiff to represent himself, the complexity of the factual and legal issues, and whether the plaintiff's claims are frivolous or have an extremely small likelihood of success. *Id.*; *Reneer*, 975 F.2d at 261; *Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1985). Based on several considerations, Plaintiff's claim is denied.

Plaintiff's complaint focuses on the claim that MDOC's alleged ban on non-English correspondence is tantamount to cruel and unusual punishment inflicted by the Defendants. The factual issues raised by Plaintiff are clear and straightforward, and Plaintiff has pled the facts with great detail. Plaintiff has demonstrated in his complaint that he understands the legal issues and can present these issues to a Court in a satisfactory manner. Also, it must be noted that there is a grave scarcity of attorneys available to represent indigent persons in this Court. This Court has no funds to secure attorneys for indigent parties in civil cases, and has great difficulty finding attorneys willing to volunteer time to serve in *pro bono* cases without payment.

Accordingly, Plaintiff's motion for appointment of counsel is DENIED.

SO ORDERED.


Dated: September 30, 2005                                     s/Steven D. Pepe
Ann Arbor, Michigan                                           United States Magistrate Judge



Certificate of Service

I hereby certify that on September 30, 2005, I mailed a copy of the above order to the following non-ECF participant: Bahaa Iswed.

                                                              s/William Barkholz
                                                              Courtroom Deputy Clerk