# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

BAHAA ISWED #272102,

      Plaintiff,

                                      Civil Action No. 05-73287

vs.                                   HONORABLE MARIANNE O. BATTANI
                                   HONORABLE STEVEN D. PEPE

Patricia Caruso, et al.,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

Bahaa Iswed is a prisoner in the custody of the Michigan Department of Corrections (MDOC). On August 25, 2005, he filed this action under 42 U.S.C. §1983 against 12 defendants in their official and individual capacities. Plaintiff alleges that the MDOC Defendants denied him incoming mail and hearings on the rejection of the mail in violation of MDOC policy and his First, Fourth, Eighth and Fourteenth Amendment rights. Defendants filed their motion for dismissal pursuant to Fed. R. Civ. P. 12(b)(6) on March 9, 2006. All pretrial matters were referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A),(B). For the reasons stated below, it is RECOMMENDED that the claims against Defendants Gillow, Anderson, Sockwell, Grimes, Booker, Caruso and Armstrong be DISMISSED for failure to state a claim pursuant to 42 U.S.C §1997e(c)(1). Further, for the reasons stated below it is RECOMMENDED that Defendants' motion for dismissal (Dkt. #26) be GRANTED.

The Prison Litigation Reform Act requires prisoners desiring to bring civil rights claims to exhaust all available administrative remedies prior to filing suit in federal court. 42 U.S.C. § 1997e(a); *Brown v. Toombs,* 139 F.3d 1102, 1104 (6th Cir.1998). In cases governed by the

provisions of §1997e, the prisoner bears the burden of establishing exhaustion of administrative remedies. *Brown,* 139 F.3d at 1104. To establish exhaustion, the prisoner must allege that all available administrative remedies have been exhausted and should attach documentation to the complaint indicating the administrative disposition of any grievances that have been filed. *Knuckles El v. Toombs,* 215 F.3d 640, 642 (6th Cir.2000); *Brown,* 139 F.3d at 1104. If documentation demonstrating exhaustion is not available, the prisoner must describe the administrative proceedings and their results with specificity. *Knuckles El,* 215 F.3d at 642. The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle,* 534 U.S. 516, 532 (2002).

Plaintiff attached 4 grievances to his complaint. In these grievances, as Defendants concede, Plaintiff names Defendants Booker, Branham and Baker. Plaintiff's grievances failed to implicate Defendants Caruso, Lewis, Green, Gillow, Chalk, Anderson, Sockwell, Grimes or Armstrong (Dkt. # 28).

In order for "a court to find that a prisoner has administratively exhausted a claim against a particular defendant, a prisoner must have alleged mistreatment or misconduct on the part of the defendant at Step I of the grievance process." *Burton v. Jones*, 321 F.3d 569, 575 (6th Cir. 2003); *see also, Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001)(Grievances filed in an attempt to exhaust administrative remedies must name the individual subjects of the grievances so prison officials can address the claims before a suit is brought in federal court.).

In *Jones-Bey v. Johnson,* 407 F.3d 801, 805 (6th Cir. 2005) the Sixth Circuit adopted a "total exhaustion" requirement for prisoner complaints which fall within the parameters of 42 U.S.C.

2

§1997e. Under this rule, a complaint which contains both exhausted and unexhausted claims must be dismissed in its entirety without prejudice for failure to exhaust administrative remedies. District courts no longer have the option of dismissing the unexhausted claims and proceeding with the claims that have been submitted through the grievance process. A prisoner whose complaint containing both exhausted and unexhausted claims has been dismissed may bring forth each exhausted claim one at a time, at potentially greater expense to himself, or wait until all claims are exhausted and then bring them together in one action. *Id.* at 808.

Plaintiff concedes that he failed to demonstrate that he has exhausted his administrative remedies as to the claims regarding *all* of the defendants named in his complaint prior to filing suit in federal court, and asks that the matter be dismissed without prejudice (Dkt. # 28).

Yet, Plaintiff's claims against Defendants Gillow, Anderson, Sockwell, Grimes, Booker, Caruso and Armstrong lack merit because he failed to allege that these defendants were personally involved in or responsible for the alleged violation of his constitutional rights. *See Rizzo v. Goode,* 423 U.S. 362, 373-77 (1976); *Hall v. United States,* 704 F.2d 246, 251 (6th Cir.1983). He only alleges that these defendants were involved in reviewing his grievances and failed to adequately address his complaints. Plaintiff may not base his claim against a defendant upon his or her denial of his administrative grievances or failure to act based upon information contained in a grievance. *Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir.1999). Therefore, the claims against Defendants Gillow, Anderson, Sockwell, Grimes, Booker, Caruso and Armstrong should be dismissed for failure to state a claim pursuant to 42 U.S.C §1997e(c)(1). If this is done Plaintiff's complaint will still contain unexhausted complaints regarding Defendants Lewis, Chalk and Green.

For these reasons it is RECOMMENDED that the claims against Defendants Gillow, Anderson,

Sockwell, Grimes, Booker, Caruso and Armstrong be DISMISSED for failure to state a claim pursuant to 42 U.S.C §1997e(c)(1) and Defendants' motion for dismissal (Dkt. #26) be GRANTED and Plaintiff's complaint be dismissed pursuant to 42 U.S.C. § 1997e for failure to exhaust.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of HHS*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this report and recommendation. *Willis v. Sec'y of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370,1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72(d)(2), a copy of any objections is to be served upon this Magistrate Judge. Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections. A party may file a reply brief within 5 days of service of a response. The reply shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.

Dated: April 17, 2006                                    s/Steven D. Pepe
Ann Arbor, Michigan                                      United States Magistrate Judge

<u>Certificate of Service</u>

I hereby certify that a copy of this Report and Recommendation was served upon the attorneys and/or parties of record by electronic means or U. S. Mail on April 17, 2006.

s/William J. Barkholz
Courtroom Deputy Clerk